IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| William N. Nettles, | ) | C/A No.: 3:12-cv-1711-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Mellon & Webster, P.C. and Thomas E. Mellon, Jr., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was filed in the South Carolina Circuit Court and thereafter removed to this court by the defendants. Presently pending before this court are a motion by the plaintiff for a preliminary injunction (ECF No. 7) and motions by the defendants to dismiss and to transfer venue.

After reading the motions and the attachments associated with those motions, this court has determined that it would be best for the court to recuse itself because the plaintiff in the action is the current United States Attorney for the District of South Carolina. The court has conferred with Chief Judge Margaret Seymour who has determined that all the remaining district judges in South Carolina would probably be inclined to recuse themselves as well and that for this reason, it would be best to request that a district judge from another district be assigned to hear this case.

The court has thus determined that recusal is appropriate and that the motions currently pending should ordinarily be allowed to remain on the docket to be heard by the judge to whom the case will ultimately be reassigned.

1

At a status conference conducted on July 19, 2012, however, the court determined that recent events regarding the settling of the class action that forms the basis for this attorney fee dispute, together with personnel and other changes in the defendant law firm, require that this court issue a temporary injunction designed to preserve the status quo, at least until a new district judge may be assigned who can review and decide the pending motions referenced above.

For the foregoing reasons, the court declines to rule upon the motion to dismiss (ECF No. 10) and the motion to transfer venue (ECF No. 11).  The court will grant the plaintiff's motion for a temporary injunction (ECF No. 7), finding that the plaintiff has fulfilled all the requirements of *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, to wit: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm, in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.  575 F.3d 342, 346 (4th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Accordingly, defendants are hereby ordered to deposit into an interest-bearing escrow account the sum of $450,000.00, which represents the amount of the fee in dispute in this case, plus interest.  Defendants are further ordered to file, under seal and within ten days of the date of this order, a notice containing the name of the escrow account holder and bank and the account number.

This injunction shall remain in force until it is either ultimately dismissed or continued by the United States District Judge to whom this matter is ultimately assigned.

3

The plaintiff shall be required to post a surety bond in the sum of $50,000.00, which the court deems to be sufficient to compensate the defendant for any damages associated with the issuance of the injunction in the event that the injunction is later determined to have been improvidently granted.


IT IS SO ORDERED.

July 19, 2012                                Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge